## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| **MOUNT VERNON FIRE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THREE BLIND MICE, LLC d/b/a THE BLIND HORSE SALOON,**<br><br>**Defendant.** | **Civil Action File No. _____** |

### PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon") and files this Petition for Declaratory Judgment pursuant to Fed. R. Civ. P. 57, to determine the rights and obligations of the parties, alleging and showing as follows:

### INTRODUCTION

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine and resolve questions of actual controversy involving a Commercial Insurance Policy with a Liquor Liability Coverage Part issued to Three Blind Mice DBA The Blind Horse Saloon ("Three Blind Mice") by Mount Vernon, a member company of United States Liability Insurance Company.

2. Mount Vernon seeks a declaration that it has no duty to defend, indemnify, or otherwise pay Three Blind Mice in connection with a claim asserted against it and/or Blind Horse Saloon by Frank Burton ("Burton") in two "Notices of Representation and Request for Evidence Preservation" dated April 6, 2018 and August 27, 2018, respectively (the "Underlying Claim").

## THE PARTIES

3. Mount Vernon is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Wayne, Pennsylvania.

4. Upon information and belief, Three Blind Mice is a corporation organized under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees and costs, exceeds Seventy-Five Thousand Dollars ($75,000). The Court further has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, because there is a present controversy regarding the parties' rights and obligations with respect to the application of a policy of insurance issued to Three Blind Mice by Mount Vernon.

6. This Court has personal jurisdiction over Three Blind Mice because it transacts business in the State of South Carolina, and because this action seeks a declaration with respect to a policy of insurance that Three Blind Mice contends affords coverage for its alleged liability in the Underlying Claim.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this action seeks a declaration respecting the application of a policy of insurance issued to Three Blind Mice, and Three Blind Mice's alleged liability for a motor vehicle accident that occurred in the District.

## BACKGROUND AND ALLEGATIONS
## OF THE NOTICES OF REPRESENTATION

8. Three Blind Mice operates an establishment known as The Blind Horse Saloon, located at 1035 Lowndes Hill Road, Greenville, South Carolina.

9. An April 6, 2018 "Notice of Legal Representation and Request for Evidence Preservation" letter (the "April 6, 2018 letter") sent by counsel on behalf of Burton is addressed to the Blind Horse Saloon, Inc. Attention: Management 1035 Lowndes Hill Road, Greenville, S.C. 29607. It was also addressed to Gwendolyn N. Paul, as the Registered Agent for Blind Horse Saloon, Inc. at the same address. (A copy of the April 6, 2018 letter is attached hereto as Exhibit "A.")

10. The April 6, 2018 letter alleged that Burton was catastrophically injured in a single vehicle accident in the early hours of February 8, 2018. It alleged that the accident occurred when a vehicle being driven by Shalynn Zarczynski, ("Zarczynski") and in which Burton was riding as a passenger ran off the road. It alleged that Zarczynski was a patron of the Blind Horse Saloon just prior to the collision, and that she was severely intoxicated when she attempted to drive her truck and ran it off the roadway. (Exhibit "A", April 6, 2018 letter.)

11. The April 6, 2018 letter requested the preservation of evidence by Three Blind Mice. (Exhibit "A", April 6, 2018 letter.)

12. An August 27, 2018 "Notice of Legal Representation and Request for Evidence Preservation" letter ("August 27, 2018 letter") was sent by counsel for Burton both to Three Blind Mice, and to Mount Vernon at its offices in Wayne, Pennsylvania. The August 27, 2018 letter revised the date of the incident to February 7, 2018, and alleged that Zarczynski was attempting a curve at a speed of 90 mph when the accident occurred, causing her to run off the road and strike a tree. The August 27, 2018 letter also alleged that Zarczynski's blood alcohol

level was approximately 0.20.  (A copy of the August 27, 2018 letter is attached hereto as Exhibit "B.")

13. The August 27, 2018 letter stated that counsel for Burton had attempted on several occasions to reach Gwendolyn Paul to provide legal notice of Burton's claim, and that Three Blind Mice was on actual notice of the claim since at least February 11, 2018, when a detective from the Greer Police Department met with managers of Three Blind Mice and watched a February 7, 2018 surveillance video of the Three Blind Mice establishment.  (Exhibit "B", August 27, 2018 letter.)

14. The August 27, 2018 letter also requested the preservation of evidence by Three Blind Mice.  (Exhibit "B", August 27, 2018 letter).

15. Mount Vernon first became aware of the motor vehicle accident involving Burton and the allegations against Three Blind Mice/Blind Horse Saloon when it received the August 27, 2108 letter on August 30, 2018.

16. The August 27, 2018 letter enclosed a copy of the prior April 6, 2018 letter, together with copies of the Certified Mail Receipts allegedly evidencing mailing to Three Blind Mice and its Registered Agent. (Exhibit "B", August 27, 2018 letter).

17. Upon information and belief, Zarczynski had a blood alcohol concentration of at least 0.182 at the time of the incident.

18. A calendar of events published by Three Blind Mice and available on its website advertised "1-2-3 Night:  $1.00 domestics, $2.00 house liquor and $3.00 call liquor" on February 7, 2018 beginning at 7:00 p.m. at the Blind Horse Saloon.

19. Mount Vernon is presently investigating and monitoring this matter pursuant to a full and complete reservation of rights issued to Three Blind Mice on December 19, 2018.

4

**THE MOUNT VERNON FIRE INSURANCE COMPANY POLICY**

20. Mount Vernon, a member company of United States Liability Insurance Company, issued a Commercial Insurance Policy with a Liquor Liability Coverage Part to Three Blind Mice, bearing Policy No. CL2722767, (hereinafter the "Policy"), effective November 22, 2017 to November 22, 2018, with limits of $1,000,000 for each common cause, and in the aggregate. The Declarations of the Policy states that Three Blind Mice is a "nightclub – without Adult Entertainment" and identifies Location "1" as 1035 Lowndes Hill Rd., Greenville, SC 29607. This is the location of the Blind Horse Saloon. (A complete copy of the Policy is attached hereto as Exhibit "C.")

21. The Insuring Agreement of the Policy provides, in part:

**SECTION I – LIQUOR LIABILITY COVERAGE**

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. . .

        \* \* \*

    **b.** This insurance applies to "injury" only if:

        **(1)**[1] The "injury" occurs during the policy period in the "coverage territory" and the "injury" is a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises"; and . . .

---

[1]    As amended by the LIMITATION OF COVERAGE TO INSURED PREMISES Endorsement (LQ 354 (10-09)).

22.    The following exclusion, among others, is included in the Policy by Endorsement:

### WARRANTY ENDORSEMENT

**Section I. Liquor Liability Coverage; 2. Exclusions** are amended to add the following:

Loss or expense, including but not limited to the cost of defense arising or resulting from a claim against any insured for "injury" based on the selling, serving or furnishing of any alcoholic beverage, if at any time, you have breached one or more of the warranties set forth in this Warranty Endorsement attached to and made a part of this policy.

**Location       Warranties**

1. **The insured warrants as follows:**

   - The insured has no knowledge of more than two (2) citations, violations, charges or enforcement actions at this location within five (5) years of the date of the application. Of those two (2), no more than one (1) relate to the sale or service of alcohol or criminal activities.

   - The insured has no knowledge of more than 1 liquor liability and/or assault or battery claims or notification of potential liquor liability and/or assault or battery claims for this location arising out of occurrences within five years prior to the date the application is signed (excluding a liquor liability claim closed without payment because insured found not legally liable).

   **As a condition of coverage, the insured agrees to maintain the following warranties during the term of this policy and any renewals thereof:**

   - The insured does not offer liquor or wine for less than $3.00.

   - The insured does not offer beer for less than $2.00.

   - Alcohol sales cease by 2:00 AM.

   - The establishment closes by 2:30 AM daily.

   - Only the insured and its authorized employees or members are permitted to serve alcohol. In the alternative, the insured warrants that persons serving alcohol who are not the insured's authorized employees or members are covered under a policy of liquor liability insurance with limits greater than or equal to the limits of this policy.

- Employees or other persons are not permitted to consume alcohol during their hours of employment or service.

(Endorsement, L-584D 04/14).

23. The Policy also includes, among others, the following Conditions:

**SECTION IV – LIQUOR LIABILITY CONDITIONS**

\* \* \*

**2. Duties In The Event of Injury, Claim or Suit**

    **a.** You must see to it that we are notified as soon as practicable of an "injury" which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "injury" took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

        **(3)** The nature and location of any "injury".

    **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:

        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        **(2)** Authorize us to obtain records and other information;

        **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of "injury" to which this insurance may also apply.

> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## COUNT I
## DECLARATORY JUDGMENT

**NO DUTY TO DEFEND OR INDEMNIFY THREE BLIND MICE UNDER THE POLICY BECAUSE ANY IMPLICATED COVERAGE IS OTHERWISE EXCLUDED AND/OR BECAUSE OF VIOLATIONS OF CERTAIN POLICY CONDITIONS**

24.     Mount Vernon restates and re-alleges Paragraphs 1 through 23 as though fully set forth herein.

25.     Mount Vernon seeks a declaratory judgment that it has no obligation to defend or indemnify Three Blind Mice under the Policy in connection with the allegations asserted in the Underlying Claim because such coverage is excluded pursuant to the Warranty Endorsement of the Policy, which expressly excludes loss or expense resulting from a claim for injury based on the selling, serving or furnishing of any alcoholic beverage if the stated warranties are breached. Three Blind Mice's February 7, 2018 sales of domestic beer for $1.00, house liquor for $2.00, and call liquor for $3.00 was a breach of the Warranty Endorsement, and pursuant to the terms of that Endorsement, coverage for the Underlying Claim is expressly excluded.

26.     Mount Vernon furthermore seeks a declaratory judgment that it has no obligation to defend or indemnify Three Blind Mice under the Policy for the allegations against it in the Underlying Claim because, upon information and belief, Three Blind Mice violated a condition precedent of the Policy by failing to provide Mount Vernon with timely notice of the incident giving rise to the Underlying Claim when it first became aware of the incident.

27.     Mount Vernon is informed and believes that Three Blind Mice contends nonetheless that the Policy does not exclude coverage for the Underlying Claim and/or that there was no violation of the Policy Conditions, notwithstanding the above. As such, an actual and

8

present dispute exists between Mount Vernon and Three Blind Mice as to whether Mount Vernon is obligated to Three Blind Mice under the Mount Vernon Policy for the Underlying Claim.

28.     Inasmuch as an actual and present controversy currently exists between Mount Vernon and Three Blind Mice concerning their respective rights and obligations under the Policy, Mount Vernon is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, Mount Vernon respectfully requests that this Court enter an Order:

1. Declaring that Mount Vernon has no obligation to defend or indemnify Three Blind Mice in connection with the allegations asserted in the Underlying Claim pursuant to the terms of the Mount Vernon Policy;

2. Allowing a trial by jury on any material issues of fact; and

3. For such other and further relief as this Court deems just and proper.

Dated: March 5, 2019.

                                                          WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

                                                          */s/ John C. Bonnie*
                                                          John C. Bonnie (District Court Id. No. 9311)
                                                          SC Bar No. 62997
                                                          Brannon J. Arnold (District Court Id. No. 11362)
                                                          SC Bar No. 80061
                                                          *Counsel for Mount Vernon Fire Insurance Company*

3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
404-876-2700 – telephone
404-875-9433 – facsimile
jbonnie@wwhgd.com
barnold@wwhgd.com

9